# EXHIBIT C



**OFFICE OF GENERAL COUNSEL**

WASHINGTON, D.C. 20460

April 4, 2025

Erin Murphy
Environmental Defense Fund
555 12th St., N.W., Suite 400
Washington, DC 20004

**Re:  Freedom of Information Act Request – 2025-EPA-04812**
**Expedited Processing Determination**

Dear Erin Murphy:

This letter concerns the above-referenced Freedom of Information Act (FOIA) request, received by the U.S. Environmental Protection Agency (EPA), National FOIA Office (NFO) on 03/27/2025 in which you are seeking:

> EDF respectfully requests all communications regarding use of Clean Air Act section 112(i)(3)(B) and 112(i)(4) authorities to provide compliance exemptions to stationary sources for National Emission Standards for Hazardous Air Pollutants (NESHAPs) promulgated under Clean Air Act section 112.

EPA has received your request for expedited processing. In your justification, you provided the following:

> Pursuant to 5 U.S.C. § 552(a)(6)(E) and 40 C.F.R. § 2.104(g)(1), EDF respectfully seeks expedited processing based on the "compelling need" that EDF is "primarily engaged in disseminating information and there is an urgency to inform the public about actual or alleged Federal Government activity." In support of this request, I certify that the following statements are true and correct to the best of my knowledge and belief:   1. EDF engages in extensive, daily efforts to inform the public about matters affecting public health, environmental and energy policy, as well as about climate change science and the human health impacts of pollution and toxic contaminants. EDF has multiple channels for distributing information to the public, including through direct communication with its more than 3 million members and supporters, press releases, blog posts, active engagement on social media, and frequent appearances by staff in major media outlets.8  8See, e.g., EDF Press Release: New Interactive Map Shows Nationwide Pollution from Gas Turbines (Jan. 15, 2025), https://www.edf.org/media/new-interactive-map-shows-nationwide-pollution-gas-

turbines; Maxine Joselow, Oil companies face a new fine for methane. Trump could scrap it., Washington Post (Nov. 12, 2024), https://www.washingtonpost.com/climate-environment/2024/11/12/methane-fee-epa-cop29/ (quoting Mark Brownstein, Senior VP of Energy for EDF); Niko Kommenda, See how the Inflation Reduction Act is affecting your community, Washington Post (Oct. 28, 2024), https://www.washingtonpost.com/climate 2. This request concerns Federal Government activity—specifically, the creation of a process to rapidly grant compliance exemptions from hazardous air pollution standards by EPA and the President of the United States, without appropriate public participation or consideration of the harmful impacts to human health and the environment. EPA is actively soliciting industrial sector "recommendations" on granting section 112(i) exemptions for sources to delay compliance with the requirements of the Clean Air Act, which requires sources to limit their emissions of highly toxic hazardous air pollutants such as mercury, lead, and arsenic.   3. This request concerns a matter of current exigency to the American public. To take but one NESHAP as an example, the Mercury and Air Toxics Standards limit the emission of numerous hazardous air pollutants that are extremely dangerous to human health. Exempting coal plants from compliance or extending the time before they must comply with current standards will increase community exposure to mercury, lead, arsenic, and many other toxic pollutants with well-established health effects, including brain damage for children, developmental deficits, cardiovascular disease, cancer, and premature death. EPA has asked sources to submit recommendations by March 31, 2025, indicating that such exemptions could be issued rapidly. It is urgent and critical that the public be informed about pollution sources that might be given additional time to comply with pollution standards or exempted from complying with pollution standards and thus will present a greater health risk to the public than the public is currently anticipating.   4. Responsive records will be vital to inform the public about which stationary sources of air pollution may be polluting more than is expected due to compliance exemptions or extensions. They will also inform the public about the basis for EPA's recommendation to exempt industrial sources such as coal-fired power plants from the Clean Air Act's requirements to control hazardous air pollution and allow for greater transparency on whether these exemptions are consistent with the agency's statutory mandate to protect public health and the environment. environment/interactive/2024/climate-bill-biden-clean-energy/ (quoting Joanna Slaney, Associate VP of Government Affairs for EDF); David Gelles, Confronting Our New Reality, N.Y. Times (Sept. 25, 2024) (quoting Fred Krupp, President of EDF), https://www.nytimes.com/2024/09/25/climate/climate-change-environment-planet.html; Ted Kelly, Building a better grid: The latest steps to deliver reliable, affordable and clean power, EDF Energy Exchange (June 6, 2024), https://blogs.edf.org/climate411/2024/06/06/building-a-better-grid-the-latest-steps-to-deliverreliable-affordable-and-clean-power/; J. Villegas, We need to close a mercury pollution loophole for lignite coal plants, EDF Climate 411 (Apr. 12, 2024), https://blogs.edf.org/climate411/2024/04/12/we-need-to-close-a-mercurypollution-loophole-for-lignite-coal-plants/.   9See 42 U.S.C. § 7412; EPA, Fact Sheet; Mercury and Air Toxics Standards at 1-2 (MATS) (Mar. 12, 2025), https://www.epa.gov/system/files/documents/2025-03/fact-sheet-reconsideration-of-

mercury-and-air-toxicsstandards.pdf; EPA, Clean Air Act Section 112 Presidential Exemption Information, https://www.epa.gov/stationarysources-air-pollution/clean-air-act-section-112-presidential-exemption-information (last accessed Mar. 26, 2025).  See, e.g.., EPA, Fact Sheet; Mercury and Air Toxics Standards at 2 (MATS) (Mar. 12, 2025), https://www.epa.gov/system/files/documents/2025-03/fact-sheet-reconsideration-of-mercury-and-air-toxicsstandards.pdf (seeking recommendations by March 31, 2025 from owners and operators on whether coal plants should be exempted from the MATS update rule).  5. Recent reporting has demonstrated that senior Trump Administration officials are relying on the Signal messaging platform to communicate regarding government actions and to make decisions regarding government actions. Signal messages automatically disappear after a set period of time. A nonprofit advocacy organization has filed a lawsuit challenging Trump Administration officials' unauthorized use of Signal pursuant to the Federal Records Act and Administrative Procedure Act.

Your request for expedited processing must demonstrate there is a "compelling need".  5 U.S.C. § 552(a)(6)(E)(i)(I) (2018); *see also* 40 C.F.R. §2.104(f) (2023). To determine whether your justification statement supports a finding of a "compelling need," EPA must evaluate your statement as to whether there is either an urgency to inform the public about an actual or alleged Federal government activity by a person primarily engaged in disseminating information to the public, or whether a lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual.

Your application does not speak to any urgency to inform the public, and it does not speak to any expectation that lack of expedited treatment would pose an imminent threat to the life or physical safety of an individual. Thus, your request does not contain the information required to support a finding that your request meets either of these criteria. Therefore, your request for expedited processing is denied. Your FOIA request will be processed as expeditiously as possible.

You may appeal this determination in writing within 90 calendar days from the date of this letter by one of the following methods:

> 1.  Visit EPA's FOIA submission website (https://foiapublicaccessportal.epa.gov/), sign into your account by clicking *Sign-In*, and select *Submit Appeal*;
> 2.  U.S. Mail sent to the following address: National FOIA Office, U.S. Environmental Protection Agency, 1200 Pennsylvania Avenue NW (2310A), Washington, DC 20460; or
> 3.  Overnight delivery service to National FOIA Office, U.S. Environmental Protection Agency, 1200 Pennsylvania NW, Room 7309C, Washington, DC 20460.

The Agency will not consider appeals received after the 90-calendar-day limit. Appeals received after 5:00 p.m. EST will be considered received on the next business day. The appeal should include the FOIA tracking number listed above. For quickest possible handling by mail or overnight delivery, the appeal letter, and its envelope, should be marked "Freedom of Information Act Appeal."

If you need any further assistance or would like to discuss any aspect of your request, you may seek assistance from EPA's FOIA Public Liaison at hq.foia@epa.gov or call (202) 566-1667. You may also seek assistance from the Office of Government Information Services (OGIS). You may contact OGIS in any of the following ways: by mail, Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road, College Park, MD 20740-6001; email: ogis@nara.gov; telephone: (202) 741-5770 or (877) 684-6448; or fax: (202) 741-5769. For all media inquiries, please contact press@epa.gov.

Sincerely,

**LEE HAGY**
Digitally signed by LEE HAGY
Date: 2025.04.04 18:17:08 -04'00'

Lee Hagy
Attorney-Adviser
National FOIA Office