# EXHIBIT D



**OFFICE OF GENERAL COUNSEL**

WASHINGTON, D.C. 20460

April 4, 2025

Erin Murphy
Environmental Defense Fund
555 12th St., N.W., Suite 400
Washington, DC 20004

Re: **Freedom of Information Act Request –2025-EPA-04812**
  **Fee Waiver Determination**

Dear Erin Murphy:

This letter concerns the above-referenced Freedom of Information Act (FOIA) request, received by the U.S. Environmental Protection Agency (EPA), National FOIA Office (NFO) on 03/27/2025 in which you are seeking: "EDF respectfully requests all communications regarding use of Clean Air Act section 112(i)(3)(B) and 112(i)(4) authorities to provide compliance exemptions to stationary sources for National Emission Standards for Hazardous Air Pollutants (NESHAPs) promulgated under Clean Air Act section 112. EDF requests the following records:

1. Records relating to EPA's action instituting a process to issue compliance exemptions under Clean Air Act section 112, including correspondence with outside entities about the development of, and institution of, this process;

 2. Records of decisions by any federal or state entity to either grant or deny a compliance exemption pursuant to Clean Air Act section 112(i)(3)(B) or 112(i)(4);

3. Records of the rationale or reasoning for the decision to grant or deny the exemption;

4. All correspondence with outside entities relating to Clean Air Act section 112(i)(3)(B) or 112(i)(4) exemptions, including any requests for exemptions and any information or materials in support of a request for such an exemption;

 5. All correspondence to and from the following electronic mailbox: airaction@epa.gov."

EPA has received your request for a fee waiver. Your request for a fee waiver was evaluated based upon the information you provided in support of your request for a fee waiver and EPA regulations concerning requests for a fee waiver. Based on an analysis of the information you provided, your fee waiver has been granted.

EPA regulations provide a mechanism for requesters to seek records responsive to a FOIA request "without charge or at a charge reduced below" the agency FOIA fee schedule when the NFO determines "based on all available information, that disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government" (public interest requirement) and "is not primarily in the commercial interest of the requester" (non-commercial interest requirement). Freedom of Information Act Regulations, 40 C.F.R. § 2.107(n)(4) (2023).

To evaluate the public interest requirement, the EPA considers each of four factors: (1) the subject of the request; (2) the informative value of the information to be disclosed; (3) the contribution to an understanding of the subject by the public is likely to result from disclosure; and (4) the significance of the contribution to public understanding. 40 C.F.R. §§ 2.107(n)(5)(i)-(iv) (203).

To determine the non-commercial interest requirement, the EPA considers each of two factors: (1) the existence and magnitude of a commercial interest; and (2) the requester's primary interest in the information disclosure. 40 C.F.R. § 2.107(n)(6)(i)-(ii) (2023). If the EPA determines the requester has a commercial interest that is furthered by disclosure of the requested information and the commercial interest is primary to any specified public interest, the requester is not entitled to a waiver of fees.

Fee waiver requests must specifically address each, and all, of the factors. 40 C.F.R. § 2.107(n)(2) (2023). If a requester's written justification for a fee waiver fails to address or substantiate each of the factors discussed below, the EPA will deny the request for a fee waiver.

Your fee waiver justification addressed the required factors with sufficient support and in sufficient detail for EPA to grant your fee waiver request. The subject of your request is related to operations and activities of the government.  Your statements explained how the information in the records you requested will add to the quantity of information currently available. Further, you expressed an ability or intent to use these FOIA material towards contributing to the understanding of a public audience. Lastly, you provided information to EPA about the significance of the contribution to public understanding.

The second fee waiver requirement is met because the request serves a non-commercial interest.  The absence of an identified commercial use is dispositive of the last fee waiver factor, thereby resolving the remaining issue of the requester's "primary interest" in the

request.  *Therefore, because all factors were addressed in your justification and the requirements are satisfied, EPA hereby grants your fee waiver request.*

If you need any further assistance or would like to discuss any aspect of your request, you may seek assistance from EPA's FOIA Public Liaison at hq.foia@epa.gov or call (202) 566-1667. You may also seek assistance from the Office of Government Information Services (OGIS). You may contact OGIS in any of the following ways: by mail, Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road, College Park, MD 20740-6001; email: ogis@nara.gov; telephone: (202) 741-5770 or (877) 684-6448; or fax: (202) 741-5769.

Sincerely,

LEE HAGY
Digitally signed by LEE HAGY
Date: 2025.04.04 17:53:41 -04'00'

Lee Hagy
Attorney-Adviser
National FOIA Office

3