UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ENVIRONMENTAL DEFENSE FUND,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. ENVIRONMENTAL PROTECTION<br>AGENCY,<br><br>    Defendant. | Civil Action No. 25-1281 (TJK) |

## __ANSWER__

Defendant the United States Environmental Protection Agency (the "Agency" or "Defendant"), by and through undersigned counsel, respectfully submits this Answer to the Complaint filed by Plaintiff Environmental Defense Fund ("EDF" or "Plaintiff") on April 25, 2025, in this Freedom of Information Act ("FOIA") case. Defendant expressly denies all allegations in the Complaint, including relief sought, not specifically admitted, or otherwise qualified herein. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's responses are not intended to be, and should not be construed to be, an admission that the cited materials are (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action.

To the extent a response is required, Defendant admits only that Plaintiff brings this action under FOIA to compel the production of documents Plaintiff requested. Defendant responds to the separately numbered paragraphs and request for relief in the Complaint as follows.

## INTRODUCTION

1.     Paragraph 1 sets forth Plaintiff's characterization of this action, to which no response is required. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

2.     Paragraph 2 consists of Plaintiff's characterization of the Clean Air Act and EPA standards to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to Clean Air Act Section 112 for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

3.     Admit.

4.     With respect to the first clause of the first sentence of Paragraph 4, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's motivation for submitting its FOIA request.  Defendant admits only that Plaintiff submitted a FOIA request on March 27, 2025, and that it has not completed its response to Plaintiff's FOIA request. Defendant respectfully refers the Court to the referenced documents for a complete and accurate statement of their content and denies the allegations to the extent inconsistent with the content of those documents. The last sentence of this paragraph consists of a conclusion of law, to which no response is required.

5.      The first sentence of this paragraph consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring this suit under FOIA. Defendant denies the allegations in the second sentence of this paragraph.   The last sentence of this paragraph consists of Plaintiff's characterization of the relief it is seeking. Defendant denies that Plaintiff is entitled to any relief.

## JURISDCTION AND VENUE

6.      Paragraph 6 sets forth Plaintiff's statement regarding jurisdiction, to which no response is required.  To the extent a response is deemed required, Defendant admits that this Court has subject matter jurisdiction under the Freedom of Information Act, 5 U.S.C. § 552, as limited by the relief available under the Act.

7.      Paragraph 7 contains conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the statues cited for a complete and accurate statement of their contents and otherwise denies any allegations inconsistent therewith.

8.      Paragraph 8 contains Plaintiff's statement regarding venue, to which no response is required.  To the extent a response is deemed required, Defendant admits that venue is proper in the District of Columbia for a properly stated FOIA claim.

## PARTIES

9-12.   These paragraphs contain Plaintiff's characterization of itself and legal conclusions relating to its purported standing to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in these paragraphs.

13.     Defendant admits only that it is an agency within the executive branch of the United States government which is subject to FOIA and states that it currently lacks knowledge or

information sufficient to form a belief as to whether it has possession and control of the records Plaintiff seeks. Defendant avers that a search for responsive records is currently in progress.

## LEGAL BACKGROUND

14-16. These paragraphs consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the statute cited for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

17.     Paragraph 17 sets forth a conclusion of law, to which no response is required. To the extent that a response is deemed required, Defendant respectfully refers the Court to the case cited for a complete and accurate statement of the opinion and otherwise denies any allegations inconsistent therewith.

18-23. These paragraphs consist of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the statute cited for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith.

## FACTUAL BACKGROUND

### A.  EPA Standards to Reduce Hazardous Air Pollution; Actions by the Current Administration to Limit Implementation of Such Standards

24.     Paragraph 24 of Plaintiff's Complaint contains legal conclusions and Plaintiff's characterization of Clean Air Act regulations. Defendant avers that the text of the Agency's regulations is the best evidence of their contents and respectfully refers the Court to the cited regulations for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

25.    Defendant respectfully refers the Court to the cited press release for a complete and accurate statement of its contents and denies the allegations to the extent inconsistent with the content of that document.

26.    Defendant respectfully refers the Court to the cited Web Archive Snapshot of EPA's website for a complete and accurate statement of its contents and denies the allegations to the extent inconsistent with the content of that document.

27.    Defendant respectfully refers the Court to the cited Web Archive Snapshot of EPA's website for a complete and accurate statement of its contents and denies the allegations to the extent inconsistent with the content of that document.

28.    Defendant respectfully refers the Court to the cited documents for a complete and accurate statement of their contents and denies the allegations to the extent inconsistent with the content of those documents.

29.    Defendant respectfully refers the Court to the cited documents for a complete and accurate statement of their contents and denies the allegations to the extent inconsistent with the content of those documents.

30.    Defendant respectfully refers the Court to the cited press release and letter for a complete and accurate statement of their contents and denies the allegations to the extent inconsistent with the content of those documents.

31.    Defendant avers that a production of records was issued to Plaintiff on June 27, 2025. As to the second sentence, to the extent this sentence seeks to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including compared to any countervailing interests.

**B. FOIA Request to EPA Regarding Clean Air Act Section 112 Compliance Exemptions (Request No. 2025-EPA-04812)**

32.    Defendant admits only that Plaintiff submitted a FOIA request on March 27, 2025. Defendant respectfully refers this Court to Plaintiff's FOIA request for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

33.    Defendant admits only that Plaintiff requested expediting processing of its FOIA request. The remainder of Paragraph 33 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the remaining allegations in Paragraph 33.

34.    Defendant admits that Plaintiff included a fee waiver with its FOIA request.

35.    Paragraph 35 contains Plaintiff's characterization of a March 27, 2025, email. Defendant respectfully refers the Court to the referenced document for a complete and accurate statement of its contents and denies the allegations to the extent inconsistent with the content of that document.

36.    Defendant admits it denied Plaintiff's request for expedited processing on April 4, 2025. Defendant respectfully refers the Court to the referenced document for a complete and accurate statement of its contents and denies the allegations to the extent inconsistent with the content of that document.

37.    Defendant admits it granted Plaintiff's fee waiver request on April 4, 2025. Defendant respectfully refers the Court to the referenced document for a complete and accurate statement of its contents and denies the allegations to the extent inconsistent with the content of that document.

38-40. Paragraphs 38-40 contain Plaintiff's characterization of an April 7, 2025, letter. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents and denied any allegations inconsistent therewith.

41.    Defendant admits only that it sent Plaintiff an email on April 7, 2025, stating this request was assigned for processing. Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

42.    Defendant admits only that it has not completed its response to Plaintiff's FOIA request. The remainder of Paragraph 42 consists of conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to the statute cited for a complete and accurate statement of its contents and denies the allegations to the extent inconsistent with the statute.

43.    Defendant avers that a production of records was issued to Plaintiff on June 27, 2025.

44-45. To the extent the allegations in these paragraphs seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

**CLAIM FOR RELIEF**

**COUNT I: VIOLATION OF THE FREEDOM OF INFORMATION ACT**

46.     Defendant incorporates by reference all previous paragraphs of its Answer.

47.     Paragraph 47 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendant denies Paragraph 47.

48.     Paragraph 48 consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant denies Paragraph 48.

49.     Paragraph 49 consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant denies Paragraph 49.

50.     Paragraph 50 consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant denies Paragraph 50.

51.     Paragraph 51 consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant denies Paragraph 51.

52.     Paragraph 52 consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant denies Paragraph 52.

53.     Defendant denies.

54.     Defendant denies.


**REQUEST FOR RELIEF**

The remainder of the Complaint sets forth Plaintiff's requested relief to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief or to any relief at all.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

### FIRST DEFENSE

Plaintiff's FOIA request is not a proper request in that it does not reasonably describe the records sought and imposes an undue burden on Defendant.

### SECOND DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's FOIA request to the extent it seeks to impose obligations or obtain relief that exceed what is authorized under the Freedom of Information Act. *See* 5 U.S.C. § 552.

### THIRD DEFENSE

Plaintiff is not entitled to compel the release of records properly withheld pursuant to any applicable Freedom of Information Act or Privacy Act exemptions or exclusions. 5 U.S.C. §§ 552, 552a.

### FOURTH DEFENSE

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records. *See* 5 U.S.C. §§ 552, 552a.

### FIFTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, including in paragraphs 2-5, 24-30, and 44-45, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and

plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Khan v. Dep't of Homeland Sec.,* Civ. A. No. 22-2480, 2023 U.S. Dist. LEXIS 170712, at *22-24 (D.D.C. Sept. 25, 2023) (striking FOIA complaint because it violated Rule 8 and finding that the "lengthy, irrelevant allegations" of so-called "background" facts "prejudice Defendants by burdening them with having to respond to them"); *Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

**SIXTH DEFENSE**

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

**SEVENTH DEFENSE**

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority.

*    *    *

**EIGHTH DEFENSE**

Plaintiff has failed to exhaust administrative remedies.

Dated: June 27, 2025                    Respectfully submitted,

                                        JEANINE FERRIS PIRRO
                                        United States Attorney

                                        By: /s/  *Thomas W. Duffey*
                                            THOMAS W. DUFFEY
                                            Assistant United States Attorney
                                            601 D Street, N.W.
                                            Washington, D.C. 20530
                                            (202) 252-2510
                                            Thomas.duffey@usdoj.gov

                                        *Attorneys for the United States of America*