UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ENVIRONMENTAL DEFENSE FUND,

        Plaintiff,

    v.

U.S. ENVIRONMENTAL PROTECTION
AGENCY,

        Defendant.

Civil Action No. 25-1281 (TJK)

**JOINT STATUS REPORT**

Plaintiff, Environmental Defense Fund ("Plaintiff"), and Defendant, the United States Environmental Protection Agency ("EPA" or "Defendant"), by and through undersigned counsel, respectfully submit this initial joint status report pursuant to the Court's June 30, 2025, Minute Order in this Freedom of Information Act ("FOIA") case. Plaintiff filed the complaint on April 25, 2025 (ECF No. 1), and Defendant answered on June 27, 2025 after receiving an extension from the Court (ECF No. 6). This matter involves Plaintiff's March 27, 2025 FOIA request for records relating to EPA's process concerning compliance exemptions under Section 112(i) of the Clean Air Act—in early March, the agency announced the creation of "AirAction@epa.gov," an "electronic mailbox to allow the regulated community to request a Presidential Exemption,"[1] and EDF requested all emails to or from that account, as well as other related agency records and correspondence.

The parties had a meet and confer on July 18, 2025.

---

[1] EPA, Clean Air Act Section 112 Presidential Exemption Information, https://www.epa.gov/stationary-sources-air-pollution/clean-air-act-section-112-presidential-exemption-information.

Prior to the meet and confer, the EPA noted some preliminary issues and questions for the Plaintiff: 1) there are a significant number of spam or junk emails that were sent to the AirAction mailbox, and EPA asked whether Plaintiff would agree to exclude those records, or if Plaintiff wanted them to be processed; and 2) the need for some responsive records to go through the Confidential Business Information ("CBI") submitter review process, and asked whether the Plaintiff would agree to exclude documents that must go through this process. Plaintiff responded to these two issues, asking for clarification on the process EPA uses in determining which messages are junk/spam and indicating that at this juncture it is not willing to exclude the records that must undergo the CBI process, but wanted more information on the CBI process.

Regarding the possible junk/spam emails, at the meet and confer, EPA informed Plaintiff that it was still reviewing the request and going through the process to determine which records are junk/spam, but that many of the records included news feeds, newsletters, and subscriptions. EPA offered to provide examples of the junk/spam emails for Plaintiff's review. Plaintiff suggested that EPA set aside all records deemed junk/spam – they need not be prioritized for production, but Plaintiff would like to understand the universe of responsive records before agreeing to abandon its request for these records.

Regarding CBI, EPA directed Plaintiff to EPA's CBI regulation 2.204(c)(2), which outlines EPA's CBI process.  EPA agrees to provide the meta data for those documents that must undergo the CBI process, provided the meta data fields are not precluded by CBI or if any exemptions may apply,  as this may potentially help Plaintiff in narrowing the request.

Currently, there are about 500 potentially responsive records that are undergoing additional review and EPA indicated it would need 30 days to propose a production timeline, but that it would be making a production of records to Plaintiff within ten days of the meet and confer.  EPA further

agreed to release other records as soon as practicable if they are not junk/spam and do not have to undergo the CBI process.

The parties propose that the next joint status report be filed on or before August 22, 2025.

**Position of Defendant**: EPA informed Plaintiff that it could not provide final details on a timeline at this point, and that it would need 30 days to propose a more detailed production schedule.

**Position of Plaintiff**: The urgent need for the requested records—which include requests by facilities across the country for wide-ranging exemptions from lifesaving air pollution limits— warrants that, at minimum, Defendant should commit to a clear timeline for document review and production.

On the evening of Thursday, July 17, 2025, the President signed four proclamations claiming to exempt some of the largest industrial polluters in the U.S. from protective health and environmental standards, including 53 petrochemical facilities, three coal fired power plants, eight taconite iron ore processing plants, and 39 medical sterilizers.[2] These industrial facilities emit ethylene oxide, chloroprene, benzene and other extremely hazardous air pollutants that are linked to cancer and cause other serious diseases.

The records sought in this FOIA request are directly relevant to these presidential actions, and these records are urgently needed for Plaintiff and the public to understand the extent of

---

[2] *See* Presidential Proclamations, July 17, 2025: https://www.whitehouse.gov/presidential-actions/2025/07/regulatory-relief-for-certain-stationary-sources-to-promote-american-security-with-respect-to-sterile-medical-equipment/;                https://www.whitehouse.gov/presidential-actions/2025/07/regulatory-relief-for-certain-stationary-sources-to-further-promote-american-energy/;  https://www.whitehouse.gov/presidential-actions/2025/07/regulatory-relief-for-certain-stationary-sources-to-promote-american-chemical-manufacturing-security/; https://www.whitehouse.gov/presidential-actions/2025/07/regulatory-relief-for-certain-stationary-sources-to-promote-american-iron-ore-processing-security/.

industrial facilities seeking broad exemptions from pollution standards, and the basis for EPA's and the President's actions.

Dated: July 21, 2025                     Respectfully submitted,

                                         JEANINE FERRIS PIRRO
                                         United States Attorney

                                         By: /s/ *Thomas W. Duffey*
                                             THOMAS W. DUFFEY
                                             Assistant United States Attorney
                                             601 D Street, N.W.
                                             Washington, D.C. 20530
                                             (202) 252-2510
                                             Thomas.duffey@usdoj.gov

                                         *Attorneys for the United States of America*

                                         By: /s/ *Erin Murphy*
                                             ERIN MURPHY*
                                             ENVIRONMENTAL DEFENSE FUND
                                             555 12TH St. NW, Suite 400
                                             Washington, DC 20004
                                             (202) 572-3525
                                             emurphy@edf.org
                                             *Practicing pursuant to D.C. Ct. App. Rule 49(c)(3)*

                                         *Attorney for Plaintiff*